IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01248-CNS-NRN

JAMES L. WHITE,

Plaintiff,

v.

UNITED STATES POST OFFICE,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Dkt. #26)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court pursuant to an Order (Dkt. #27) entered by Judge Charlotte N. Sweeney referring Defendant United States Postal Service's[1] ("Postal Service" or "Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"). (Dkt. #26.) Mr. White filed a response on February 21, 2023. (Dkt. #29). Defendant filed a reply on March 2, 2023. (Dkt. #30.) The Court heard argument from the parties on March 8, 2023. (Dkt. #31.)

The Court has taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now being fully informed and

---

[1] The United States Postal Service is erroneously identified by Mr. White as United States Post Office.

for the reasons discussed below, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

## BACKGROUND[2]

Mr. White is a Black man and alleges that the Postal Service discriminated against him based on his race and color when it declined to hold his mail. He alleges that on February 8, 2022, he visited the "main post office" to start a new 30-day mail hold, and then visited the annex to check if he had received mail. He alleges that a white woman in front of him in line had the same issue he was having and had no problem getting her issues resolved. However, when it was his turn an unidentified white Postal Service employee "gave [him] an unfavorable look," "slammed the window," and returned with a Black female employee to avoid any appearance of discrimination. Mr. White alleges that the woman was a supervisor and informed him that they could not hold mail. He alleges that he knows this is false, and that he was subject to different treatment because of his race or color. (*See* Dkt. #12 at 4.)[3]

---

[2] The following allegations are taken from Mr. White's Third Amended Complaint (Dkt. #12) and all non-conclusory allegations are presumed true for the purposes of the Motion to Dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes, differs from a document's internal pagination.

[3] Mr. White Third Amended Complaint alleged four claims against the Postal Service and unidentified individuals (*see* Dkt. #12), but the Court previously dismissed the John and Jane Doe defendants, and ordered that Mr. White's second, third, and fourth claims be dismissed. Accordingly, only his "Claim One" against the Postal Service survived, and only to the extent it asserts a claim of discrimination based on 42 U.S.C. § 2000a.

**LEGAL STANDARDS**

**I. Pro Se Plaintiff**

Mr. White proceeds pro se. The Court, therefore, "review[s his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**II. Failure to State a Claim Upon Which Relief Can be Granted**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. So long as the plaintiff pleads sufficient factual allegations such that the right to relief crosses "the line from conceivable to plausible," he has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

## ANALYSIS

Mr. White brings his claim pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits discrimination based on race or color in "any place of public accommodation, as defined in this section . . . ." 42 U.S.C. § 2000a(a). The Postal Service argues that, because the definition of "place of public accommodation" does not include post offices, Mr. White's claim fails. The Court agrees.

The statute provides: "Each of the following establishments which serves the public is a place of public accommodation within the meaning of this subchapter if its operations affect commerce, or if discrimination or segregation by it is supported by State action: (1) any inn . . . or other establishment which provides lodging to transient guests, . . . (2) any restaurant . . . or other facility primarily engaged in selling food for consumption on the premises, . . . (3) any motion picture house . . . or other place of exhibition or entertainment; and (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment." 42 U.S.C. § 2000a(b).

4

A post office does not provide lodging to transient guests, does not engage in selling food for consumption on the premises, and is not a place of exhibition or entertainment, and there are no allegations that the post office at issue is somehow located within a premises that does fit the definition. Accordingly, Title II does not apply to the Postal Service. *See Ajamu v. U.S. Postal Serv.*, No. 6:13-cv-450, 2014 WL 169830, at *9 (M.D. Fla. Jan. 10, 2014) ("It does not appear that Title II even applies to the [Postal Service] . . . ."), *aff'd sub nom. Ajamu v. Willis*, 573 F. App'x 828 (11th Cir. 2014).

Though there is little case law from this circuit directly on point, the result makes sense. The Tenth Circuit has quoted Congressional hearings and explained, "Congress did not intend to include all establishments to which its constitutional powers might extend . . . . Many business establishments were not included within the scope of the Act." *Cuevas v. Sdrales*, 344 F.2d 1019, 1021 (10th Cir. 1965) (quoting Hearings, House Judiciary Committee on H.R. 7152, as amended, 88th Cong. 1st Sess. pp. 2655-56) (internal quotations omitted)). "The deletion of the coverage of retail establishments generally is illustrative of the moderate nature of this bill and of its intent to deal only with the problems which urgently require solution." *Id.* This is because Congress found that discrimination in retail establishments was "not as troublesome a problem as [was] discrimination in the places of public accommodation enumerated in the bill." *Id.*

Thus, the plain language of the statute and its legislative history support a finding that retail establishments such as those providing shipping services, regardless of whether run by the government or a private entity, are simply not covered by Title II when they do not otherwise meet the statutory definition of "place of public

5

accommodation." *Jarvis v. FedEx Off. & Print Servs., Inc.*, No. 08-cv-1694, 2009 WL 10709217, at *6 (D. Md. Mar. 10, 2009) (dismissing a racial discrimination claim arising out of an incident at a FedEx store, because the store was not a place of public accommodation); *Priddy v. Shopko Corp.*, 918 F. Supp. 358, 359 (D. Utah 1995) ("The clear implication of [Section 2000a(b)(2)] is that Congress did not intend to include retail establishments" as places of public accommodation for purposes of Title II).

Because the statute under which Mr. White brings his claim does not offer any remedy, his claim must be dismissed. This ruling means only that Mr. White has no private right of action under Title II against the Postal Service. As discussed during oral argument, this does not mean Mr. White has no right or ability to complain. Certainly, this Court does not condone discriminatory behavior and Postal Service employees are not free to engage in it. *See* 39 C.F.R. § 447.21(c) ("No employee while acting in his official capacity shall directly or indirectly authorize, permit, or participate in any action, event or course of conduct which subjects any person to discrimination, or results in any person being discriminated against, on the basis of race, color, religion, sex, national origin, or age."). There are several avenues for lodging a complaint against the post office, including by contacting the Postal Service's district consumer affairs office or the headquarters Consumer Advocate office. The Postal Service also has its own Office of the Inspector General, and anyone can report discriminatory conduct to this office. Complaints can also be submitted to the Postal Regulatory Commission.

## CONCLUSION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) be **GRANTED** and this case **DISMISSED** without prejudice.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corrs.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:     June 22, 2023
           Denver, Colorado                    _____
                                                N. Reid. Neureiter
                                                United States Magistrate Judge