IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01248-CNS-NRN

JAMES L. WHITE,

    Plaintiff,

v.

UNITED STATES POST OFFICE,

    Defendant.

## ORDER

Before the Court is Plaintiff James L. White's Letter (ECF No. 33) regarding the United States Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 32). Liberally construing Mr. White's Letter as a timely objection to the Magistrate Judge's Report and Recommendation, the Court OVERRULES Mr. White's objection, and AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation as an Order of this Court.

### I. SUMMARY FOR PRO SE PLAINTIFF

You filed this action in May 2022, alleging that the United States Postal Service discriminated against you. You amended your complaint against the Postal Service several times, and the Court dismissed all but one of the claims that you brought against the Postal Service. In January 2023, the Postal Service moved to dismiss your only remaining claim in this case, a claim

1

for racial discrimination under Title II of the Civil Rights Act of 1964. The United States Magistrate Judge recommended that the Court grant the Postal Service's motion and dismiss that claim. You filed a letter after the Magistrate Judge recommended that the Court dismiss your claim. The Court has considered your letter as an objection to the Magistrate Judge's recommendation. After considering the letter as an objection, the Court agrees with the Magistrate Judge that it is appropriate to dismiss your remaining claim for racial discrimination against the Postal Service because the federal statute at issue does not apply to the Postal Service. The Court explains its reasoning below.

## II. BACKGROUND

The Court incorporates the Magistrate Judge's summary of the Third Amended Complaint's allegations and this case's procedural history in its Order (*see* ECF No. 32 at 2). On June 22, 2023, the Magistrate Judge recommended granting Defendant's dismissal motion and dismissing this case without prejudice (*see id.* at 7). Mr. White filed his Letter on July 10, 2023 (ECF No. 33).[1]

## III. LEGAL STANDARD AND STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the

---

[1] Although it appears Mr. White filed his Letter outside the fourteen-day period for objecting to the Magistrate Judge's Report and Recommendation under Federal Rule of Civil Procedure 72(b)(2), the Court considers the contents of Mr. White's Letter in its assessment of the Magistrate Judge's Report and Recommendation because—even considering its contents—the Court's conclusion remans the same: affirmance of the Magistrate Judge's Report and Recommendation is proper. *See, e.g., Paulsen v. Christner*, No. 21-1367, 2022 WL 2165858, at *1 (10th Cir. June 16, 2022) (affirming district court where district court considered untimely objections to magistrate judge's report and recommendation because the result "would remain the same even if it considered [the] untimely objections because those objections did not specifically identify any legal or factual errors on the part of the magistrate judge" (citation omitted)); *Bernal v. Janecka*, No. CIV 09-0058 MCA/KBM, 2009 WL 10708263, at *1 (D.N.M. Apr. 29, 2009).

magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint" and taken as a whole. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and viewed in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g., Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a claim's plausibility, courts need not accept "conclusory statements of law." *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (citation omitted). "[G]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."

*Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (second alteration in original) (quotation omitted).

## IV. ANALYSIS

Having considered the Magistrate Judge's Report and Recommendation, Mr. White's Letter, the case file, and relevant legal authority, the Court overrules Mr. White's objection to the Magistrate Judge's Report and Recommendation, and adopts the Report and Recommendation as an Order of this Court.

The gravamen of Mr. White's Letter is he is a member of a protected class and that the Civil Rights Act was violated based on the racial discrimination he suffered at "the main Post Office" (ECF No. 33 at 1). However, even construing Mr. White's Letter liberally, it is almost entirely a summary of his allegations against the Postal Service. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). It does not provide the Court with any information or arguments that enable the Court to focus its attention on any specific factual or legal issues between the parties or issues regarding the Magistrate Judge's Report and Recommendation. *See 2121 East 30th Street*, 73 F.3d at 1059; *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and *specific* to preserve an issue for de novo review by the district court or for appellate review." (emphasis added)); *Paulsen*, 2022 WL 2165858, at *1. And engaging in de novo review of the Magistrate Judge's Report and Recommendation, the Court discerns no error in the Magistrate Judge's legal analysis or conclusions. The weight of authority establishes that the United States Postal Service is not covered by 42 U.S.C. § 2000a.

The Court, like the Magistrate Judge, is sensitive to the nature of Mr. White's allegations. As the Magistrate Judge noted, dismissal of his claim in this particular case does not mean he has no right or ability to complain about any alleged discrimination he suffered. He may, for instance, file a complaint with the agencies or organizations identified in the Magistrate Judge's Report and Recommendation (ECF No. 32 at 6).

## V. CONCLUSION

Consistent with the above analysis, the Court construes Mr. White's Letter as an objection and OVERRULES his objections to the Magistrate Judge's Report and Recommendation (ECF No. 33), and AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation as an Order of this Court (ECF No. 32). Mr. White's claim brought pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, is DISMISSED WITHOUT PREJUDICE. Because this is Mr. White's only remaining claim in this action, the Clerk shall enter judgment in this action in favor of Defendant.

DATED this 11th day of July 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge